IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| DONALD WAYNE HARRISON, | * |
| Plaintiff | * |
| vs. | * |
| | *   CASE NO. 4:04-CV-111 (CDL) |
| SHONEY'S, INC. and Unknown Defendants "A" through "Z", | * |
| | * |
| Defendants | * |

O R D E R

Plaintiff has filed a motion to set aside the judgment in favor of the Defendant in the above captioned case. This judgment was entered by the Clerk on an arbitration award in favor of the Defendant, pursuant to the Court's Local Rules and Court Annexed Arbitration Program. The Plaintiff failed to file a timely demand for a trial *de novo* after the issuance of the arbitration award. Consequently, under the Court's Local Rules, judgment was entered by the Clerk.

The Court has established by Local Rule a Court Annexed Arbitration Program. *See* Local Rules, Rule 16.2. Participation in that program is optional. Moreover, an award made pursuant to the program is not binding on the parties, *unless* the parties agree to be bound or fail to file a demand for trial *de novo* within thirty days of being notified of the arbitrator's award. Rule 16.2.4 (d) and (e).

In this case, it appears that the arbitrator mailed his award to the parties on March 17, 2005, and the Clerk further notified the parties of the award on March 23, 2005. When neither party demanded a trial *de novo* within thirty days of the arbitration award, the Clerk

entered judgment on the award in favor of the Defendant on April 26, 2005.  Shortly thereafter, on May 3, 2005, the Plaintiff filed the pending motion to set aside that judgment, claiming that the failure of Plaintiff's attorney to file a demand for trial *de novo* was the result of excusable neglect.

Rule 60(b) of the Federal Rules of Civil Procedure authorizes the setting aside of a judgment for "mistake, inadvertence, surprise, or excusable neglect."  Plaintiff's attorney candidly confesses to neglect but argues that his neglect was excusable.  In support of his position, he maintains that notwithstanding the clear statement in the Court's Local Rules that judgment shall be entered on an arbitration award if a demand for trial *de novo* is not made within thirty days of the award, he should be excused from what in effect is a default judgment because the Court did not notify him more explicitly of the dire consequences associated with a failure to make a timely demand for a trial *de novo.*  This excuse standing alone would not authorize the setting aside of the judgment.  The Rule is clear, and Plaintiff's counsel had an obligation to make himself aware of it.  Plaintiff's counsel also contends that during the time after the issuance of the award and before the deadline for filing a demand for trial *de novo,* the case was being reviewed by another attorney who was considering association on the case, and therefore, Plaintiff's counsel did not have access to the file to remind him of any action that needed to be taken regarding the arbitration award–an "out of sight, out of mind" excuse.

Notwithstanding the weakness of the excuses offered by Plaintiff's counsel for his neglect, the Court, viewing all of the circumstances, concludes that Plaintiff should be relieved from the

judgment.  Although the Local Rule is clear, the Court should provide better notice to participants in its *non-binding* arbitration program that the program is indeed *binding* if they do not file a timely demand for trial *de novo.*  This Judge is of the opinion that such notice should be included with the transmittal of the arbitration award.  Furthermore, the Court does find some merit in Plaintiff's contention that in light of the review of the file by another lawyer during the time period that time was running on his deadline for demanding a trial *de novo,* Plaintiff's failure to meet the deadline was excusable for purposes of avoiding what in effect is a default judgment.  Finally, the Court concludes that Defendant suffers no undue prejudice by the Court's setting aside of the judgment, since Plaintiff's motion to set it aside was filed within eight days of the date that his demand for trial *de novo* was due.  Under all these circumstances, the Court finds that justice requires and Rule 60(b) authorizes the setting aside of the judgment in this case.[1]

---

[1] The Court makes two concluding observations regarding issues not raised by the parties.  First, the Arbitration Hearing was held on February 22, 2005; the award was apparently made twenty-three days later on March 17, 2005; and the award was served on Plaintiff by the Clerk six days later on March 23, 2005.  Local Rule 16.2.4(c) requires that the award of the arbitrator be filed with the Clerk within *ten* days of the date of the hearing, and that the Clerk shall give *immediate* notice to the parties.  It does not appear that the arbitrator or Clerk complied with this provision of our Local Rules.  In light of the Court's ruling, the Court need not determine at this time whether this non-compliance voids the arbitration award.  The Court does point out, however, that insistence on strict compliance with the Court's Rules should not be one-sided.  Second, the Court observes that its Local Rules must be consistent with the Federal Rules of Civil Procedure.  *See U.S. v. One Piece of Real Property,* 363 F.3d 1099 (11th Cir. 2004)(holding that summary judgment by default under local rules is impermissible).  In light of the Court's ruling, the Court need not decide whether this principle would likewise apply to an arbitration judgment by default under its Local Rules.

Based on the foregoing, Plaintiff's motion to set aside the judgment is granted.

SO ORDERED, this 15th day of June, 2005.

>                   S/Clay D. Land
>                         CLAY D. LAND
>              UNITED STATES DISTRICT JUDGE